T.C. Memo. 2003-172


UNITED STATES TAX COURT


JOHN JOSEPH WINGERT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9433-01L.                    Filed June 11, 2003.


John Joseph Wingert, pro se.

<u>Ann M. Welhaf</u> and <u>Jeffrey E. Gold</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent sent petitioner a Notice of
Determination Concerning Collection Action(s) Under Sections 6320
and/or 6330 (the lien or levy determination) on July 13, 2001, in
which respondent determined to proceed with collection from
petitioner of his tax liabilities for 1994, 1995, and 1996 (1994-
96).  The issue for decision is whether respondent's

determination was an abuse of discretion.  We hold that it was not.

Section references are to the Internal Revenue Code in effect for the applicable years.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.   Petitioner

Petitioner resided in Dundalk, Maryland, when he filed the petition.

Petitioner timely filed his income tax returns for 1994-96. He reported that he owed $823 for 1994, $2,227 for 1995, and $796 for 1996, but he did not pay those amounts when he filed his returns.

B.   The Bankruptcy Proceeding

On June 6, 1997, petitioner filed a petition with the U.S. Bankruptcy Court for the District of Maryland (bankruptcy court) under Chapter 13 of the U.S. Bankruptcy Code.  The bankruptcy court converted his Chapter 13 proceeding to a Chapter 7 proceeding on August 15, 1997.  He received a discharge under Chapter 7 on December 22, 1997.

C.   The Lien and Levy Proceeding

Respondent sought to collect the tax that petitioner reported on his income tax returns that he owed for 1994-96, but did not pay when he filed those returns.  On November 18, 2000,

respondent mailed to petitioner a Notice of Intent To Levy and Notice of Your Right to a Hearing relating to his tax years 1994-96. Petitioner timely requested a hearing.

On June 27, 2001, Keith B. Coleman (Coleman), respondent's Appeals officer, held a hearing relating to petitioner's tax years 1994-96.

On July 13, 2001, respondent sent to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 in which respondent determined to proceed with collection from petitioner of his tax liabilities for 1994-96.

OPINION

A.   Whether $5,243.13 of Petitioner's Bankruptcy Estate Was Used To Pay His Tax Liabilities for 1994-96

Petitioner contends that respondent's determination to proceed with collection was an abuse of discretion because respondent improperly failed to recognize that $5,243.13 of his bankruptcy estate was used to pay his 1994-96 taxes. We disagree.

Petitioner introduced no credible evidence showing that $5,243.13 of his bankruptcy estate was used to pay his 1994-96 taxes. He testified that $5,243.13 of the proceeds from the forced sale in bankruptcy of his house was used to pay his 1994-96 taxes. However, he conceded that respondent did not receive the $5,243.13. No documentary evidence suggests that any of the bankruptcy estate was used to pay petitioner's 1994-96 taxes.

Petitioner failed to show that $5,243.13 of his bankruptcy estate was used to pay his 1994-96 taxes.

B.    Whether Respondent's Determination To Proceed With Collection Was an Abuse of Discretion

Petitioner contends that respondent's determination to proceed with collection was an abuse of discretion because he spent about $18,000 in prosecuting various claims against the Government.  We disagree.  Petitioner is entitled to no credit against his unpaid tax based on those claimed costs.

We conclude that respondent's determination to proceed with collection of his 1994-96 tax liabilities was not an abuse of discretion.

Decision will be

entered for respondent.